VANDERPOOL v PINEVIEW ESTATES LC

Docket No. 289359. Submitted May 5, 2010, at Detroit. Decided June 29, 2010, at 9:10 a.m.

Karen Vanderpool obtained a judgment against Martin Krause. On July 14, 2007, she served Pineview Estates, L.C., and MKT Leasing & Financing, L.L.C., with a wage garnishment petition seeking payment of the judgment debt. On August 3, 2007, Krause filed for bankruptcy in federal court. Pineview Estates and MKT Leasing failed to respond to the writ of garnishment within the 14-day period provided by MCR 3.101(H). Vanderpool filed a motion to show cause in the 67th District Court why Pineview Estates and MKT Leasing had failed to respond and why they should not be held responsible for Krause's entire judgment debt. When Pineview Estates and MKT Leasing failed to appear at the show cause hearing, the district court, David J. Goggins, J., granted judgment in favor of Vanderpool for the entire amount of Krause's judgment debt. Pineview Estates and MKT Leasing moved to set aside the judgment, arguing that Vanderpool's actions violated an automatic stay issued by the bankruptcy court. The district court agreed, declared its earlier judgment void, and set aside the writ of garnishment against Pineview Estates and MKT Leasing that had been issued on the basis of that judgment. Vanderpool appealed in the Genesee Circuit. Court. The circuit court, Judith A. Fullerton, J., set aside the district court's order that had set aside the judgment against Pineview Estates and MKT Leasing, citing their failure to disclose under the 14-day rule in MCR 3.101(H) and their failure to appear at the show cause hearing. Pineview Estates and MKT Leasing appealed by leave granted.

The Court of Appeals *held*:

1. The notice requirements of MCR 2.603 related to default judgments were inapplicable because there was no entry of a default and the judgment against Pineview Estates and MKT Leasing was not styled as a default judgment.

2. By reinstating the district court's original judgment, the circuit court implicitly found that Pineview Estates and MKT Leasing were in criminal contempt. Under MCR 3.101, a contempt

judgment against a garnishee is inextricably linked to enforcement of the prior judgment against the debtor in light of the fact that satisfaction of the judgment against the garnishee constitutes satisfaction of the judgment against the debtor under MCR 3.101(O)(7). Vanderpool's actions to obtain a judgment against Pineview Estates and MKT Leasing after Krause's bankruptcy petition was filed were aimed at collecting on Krause's prepetition debt. Thus, satisfaction of the contempt judgment would have violated the automatic stay issued by the bankruptcy court. While Pineview Estates and MKT Leasing may have been properly found in contempt of court, the district court erred by entering a judgment against them in favor of Vanderpool for the amount of Krause's debt. The circuit court erred by later reinstating that judgment.

Circuit court order vacated and case remanded to the district court.

GARNISHMENT — WRITS OF GARNISHMENT — FAILURE TO RESPOND — CRIMINAL CONTEMPT — BANKRUPTCY — EFFECT OF BANKRUPTCY PETITION BY A DEBTOR.

A criminal contempt judgment against a garnishee is inextricably linked to enforcement of the prior judgment against the debtor; after the debtor has filed a bankruptcy petition, a court may not enter a contempt judgment against a garnishee in favor of the creditor for the amount of the debtor's judgment debt because doing so would violate the automatic stay issued by the bankruptcy court (11 USC 362; MCR 3.101).

*Charles A. Grossmann* for Karen Vanderpool.

*Charles A. Forrest, Jr.,* for Pineview Estates, L.C., and MKT Leasing & Financing, L.L.C.

Before: CAVANAGH, P.J., and O'CONNELL and WILDER, JJ.

PER CURIAM. Garnishee defendants, Pineview Estates, L.C., and MKT Leasing and Financing, L.L.C., appeal by leave granted the Genesee Circuit Court's order reversing a district court order that had set aside a judgment against garnishee defendants and directing reinstatement of the judgment against garnishee defen-

dants. We vacate the circuit court's order and remand this case to the district court for further proceedings.

Garnishee defendants first argue that the district court should not have entered a default judgment against them because plaintiff did not comply with the procedural requirements pertaining to defaults and default judgments. Garnishee defendants' assertion in this regard is inapposite because there was no default judgment in this case. Plaintiff originally served garnishee defendants with a wage garnishment petition on July 14, 2007, for payment of a judgment debt owed by defendant, Martin Krause. After garnishee defendants failed to respond to that writ of garnishment within the 14-day period set by MCR 3.101(H),[1] plaintiff filed a motion to show cause why garnishee defendants had failed to respond and why garnishee defendants should not be responsible for defendant's entire judgment debt. When garnishee defendants failed to appear at the

---

[1] MCR 3.101(H) provides, in relevant part:

The garnishee shall mail or deliver to the court, the plaintiff, and the defendant, a verified disclosure within 14 days after being served with the writ.

\* \* \*

(2) Periodic Garnishments.

(a) If not obligated to make periodic payments to the defendant, the disclosure shall so indicate, and the garnishment shall be considered to have expired.

(b) If obligated to make periodic payments to the defendant, the disclosure shall indicate the nature and frequency of the garnishee's obligation. The information must be disclosed even if money is not owing at the time of the service of the writ.

(c) If a writ or order with a higher priority is in effect, in the disclosure the garnishee shall specify the court that issued the writ or order, the file number of the case in which it was issued, the date it was issued, and the date it was served.

hearing on the motion to show cause on March 18, 2008, the district court granted judgment in favor of plaintiff for the amount of defendant's judgment debt, $10,997.05.

MCR 2.603(A)(2) requires notice of the entry of a default to the defaulted party. It is undisputed that there was no entry of a default in this case and, accordingly, no notice of such an entry. Further, MCR 2.603(B)(1)(a)(ii) requires that notice of a request for entry of a default judgment be given at least seven days before entry of the default judgment if the relief sought differs in kind or amount from that stated in the pleadings. Plaintiff sought periodic garnishment payments in her writ of garnishment, but sought a lump-sum judgment from garnishee defendants in her motion to show cause. However, the judgment against garnishee defendants was entered on the same day as the hearing on the motion to show cause. The requirements of MCR 2.603 were not followed because they did not apply, and the judgment against garnishee defendants was not styled as a default judgment. Because there was no default judgment, garnishee defendants' first claim of error fails.

Garnishee defendants next argue that the circuit court erred by reinstating the judgment after the district court set it aside because, as the district court had concluded in setting aside that judgment, defendant's bankruptcy filing automatically stayed all efforts to collect his debts, including garnishment payments. We agree. We review for an abuse of discretion a court's issuance of a contempt order. *Porter v Porter*, 285 Mich App 450, 454; 776 NW2d 377 (2009). To the extent that garnishee defendants' argument involves the construction, interpretation, and application of the court rules, we review those issues de novo as questions of law. *ISB*

*Sales Co v Dave's Cakes*, 258 Mich App 520, 526; 672 NW2d 181 (2003); *Kernen v Homestead Dev Co*, 252 Mich App 689, 692; 653 NW2d 634 (2002).

Defendant filed for bankruptcy on August 3, 2007. That filing resulted in an automatic stay preventing the enforcement, against defendant or against property of his estate, of a prior judgment. 11 USC 362. Nevertheless, the district court's March 18, 2008, judgment against garnishee defendants followed. The judgment was entered on several grounds, including (1) that garnishee defendants violated a court order by "not paying to plaintiff" the sum of $10,997.05 pursuant to an earlier garnishee disclosure from January 2007 and (2) that garnishee defendants were served with a request for periodic garnishments and a garnishee disclosure to which garnishee defendants "failed, neglected, or otherwise refused to respond." Even though the district court later vacated this judgment against garnishee defendants, rejecting the first ground for the judgment because garnishee defendants were powerless to make garnishment payments following the stay, the circuit court reinstated the judgment on appeal because garnishee defendants "did not disclose" under the 14-day rule in MCR 3.101(H) and "ignored the show cause issued."

By reinstating the judgment, the circuit court implicitly found that garnishee defendants were in criminal contempt. "[W]hen a court exercises its criminal contempt power it is not attempting to force the contemnor to comply with an order, but is simply punishing the contemnor for past misconduct that was an affront to the court's dignity." *Porter*, 285 Mich App at 455. Some courts have concluded that a default judgment or contempt finding against a garnishee defendant does not relate to the defendant or the property of the defen-

dant's estate, but instead creates an independent and personal liability against the garnishee defendant, so the default judgment or contempt finding does not violate the automatic stay under 11 USC 362. *In re Sowers*, 164 BR 256 (ED Va, 1994); *In re Gray*, 97 BR 930, 935-937 (ND Ill, 1989).[2]

However, under MCR 3.101, a judgment against a garnishee for contempt is inextricably linked to enforcement of the prior judgment against the defendant or his or her estate. Under MCR 3.101(S)(2), "[i]f the garnishee fails to comply with the court order, the garnishee may be adjudged in contempt of court." MCR 3.101(O)(7) provides, "Satisfaction of all or part of the judgment against the garnishee constitutes satisfaction of a judgment to the same extent against the defendant." Reading these subrules together, if garnishee defendants had satisfied the $10,997.05 contempt judgment, the same amount of defendant's outstanding judgment debt would have been satisfied, thereby violating the automatic stay under 11 USC 362.

We find persuasive and adopt the bankruptcy court's analysis of MCR 3.101 in *In re Feldman*, 303 BR 137 (ED Mich, 2003). In that case, the creditor obtained a default judgment against the debtor. *Id.* at 138. The creditor subsequently served a writ of garnishment on the debtor's employer, who responded that the debtor "worked for tips only so there was no way to garnish his wages." *Id.* In response, the creditor filed a motion to review the employer's business records. *Id.* Thereafter, the debtor filed for bankruptcy in federal court. *Id.* Meanwhile, the employer failed to appear at the state court hearing to review its business records, and a

---

[2] Lower federal court decisions are not binding on state courts, but may be persuasive. *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004).

judgment was entered against the employer "for its failure to comply with Michigan's garnishment laws and procedures." *Id.* The bankruptcy court concluded that the creditor's postpetition actions to obtain a judgment against the employer violated the stay because the actions were aimed at collecting on the debtor's prepetition debt. *Id.* at 139-140. The court reasoned that "there would be no garnishment judgment against the employer absent the underlying debt." *Id.* at 139. The court further reasoned that satisfaction of all or part of the judgment against the employer would satisfy the same amount of the prepetition judgment against the defendant, and the defendant would then owe the employer on the claim under MCR 3.101(O)(2). *Id.* at 140; see also MCR 3.101(O)(7).

In light of our conclusions, though the district court may have properly found garnishee defendants to be in contempt of court, the district court erred by entering a judgment in favor of plaintiff for the amount of defendant's judgment debt. Therefore, we vacate the circuit court's order reinstating the judgment against garnishee defendants and we remand this case to the district court for further proceedings. We decline to address garnishee defendants' last argument challenging the amount of the contempt judgment. We do not retain jurisdiction.

Garnishee defendants, being the prevailing parties, may tax costs pursuant to MCL 7.219.