# STATE OF MICHIGAN

# COURT OF APPEALS

SCOTT POLANDO,

Plaintiff-Appellee,

v

THOMAS E. O'HARA, JR.,

Defendant-Appellant.

UNPUBLISHED
May 17, 2018

No. 337207
Oakland Circuit Court
LC No. 2015-149105-NH

Before: BORRELLO, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

In this medical malpractice action, defendant appeals as of right an order granting a default judgment against him. However, defendant's issue on appeal mainly arises out of an order denying his motion to set aside the default judgment. We reverse and remand.

A trial court's decision on a motion to set aside a default judgment is reviewed for an abuse of discretion. *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). An abuse of discretion occurs when the trial court "reaches a decision that falls outside the range of principled outcomes." *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 383; 808 NW2d 511 (2011).

Defendant argues that the trial court committed an abuse of discretion when it entered default judgment against him, and when it denied his motion to set aside the default judgment, without considering whether good cause to set aside the default judgment existed and without considering defendant's meritorious defense to plaintiff's complaint. We agree.

MCR 2.603(D), which governs the procedure for setting aside a default or default judgment, provides:

> (1) A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed. [*ISB Sales Co v Dave's Cakes*, 258 Mich App 520, 527-528; 672 NW2d 181 (2003), quoting MCR 2.603(D).]

Good cause to set aside a default judgment may be shown by the following:

(1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand. [*Shawl v Spence Bros, Inc*, 280 Mich App 213, 221; 760 NW2d 674 (2008).]

Defendant's argument turns on whether he was required to receive notice of plaintiff's intent to seek a default judgment. We first note that defendant did not receive notice of the entry of default, and consequently, he did not file a motion to set aside the default before a default judgment was entered against him. An affidavit from a legal assistant, stating that the notice of entry of default was sent to defendant, was filed on February 27, 2017. This affidavit was filed well after the trial court had entered a default judgment against defendant, as well as after defendant's motion to set aside the default judgment had been denied. No other documentation indicates that defendant received notice of the entry of default. If plaintiff was required to give defendant notice prior to requesting the entry of a default judgment and failed to do so, then defendant would be able to show that good cause exists to set aside the default judgment, regardless of whether he can demonstrate that he had a meritorious defense to plaintiff's claims, because the lack of notice would constitute "a substantial defect or irregularity in the proceedings upon which the default was based." *Id*. at 221; See *Brooks Williamson & Associates, Inc v Mayflower Const Co*, 308 Mich App 18, 27; 863 NW2d 333 (2014) (finding that lack of notice of intent to seek default judgment constitutes good cause for default judgment to be set aside).

The notice requirement that a party must adhere to varies depending on whether the default judgment was sought for failure to appear at trial, or for a different reason. MCR 2.603(B)(1) provides:

(1) Notice of Request for Default Judgment.

(a) A party requesting a default judgment must give notice of the request to the defaulted party, if

(i) the party against whom the default judgment is sought has appeared in the action;

(ii) the request for entry of a default judgment seeks relief different in kind from, or greater in amount than, that stated in the pleadings; or

(iii) the pleadings do not state a specific amount demanded.

(b) The notice required by this subrule must be served at least 7 days before entry of the requested default judgment.

* * *

(d) If the default is entered for failure to appear for a scheduled trial, notice under this subrule is not required. [MCR 2.603(B)(1); see *Brooks Williamson & Associates, Inc*, 308 Mich App at 27.]

Defendant argues that he was entitled to notice of intent to seek a default judgment because the pleadings did not state the amount that plaintiff was seeking in damages, and because the trial court entered the default judgment against him based on a failure to plead or otherwise defend against plaintiff's complaint. Defendant correctly notes that the pleadings did not state the amount of damages plaintiff sought and that plaintiff only revealed the amount he was seeking in damages at trial. Nothing in the record that was available to the trial court suggested that defendant was properly served with notice of plaintiff's intent to seek a default judgment. On these facts, defendant correctly states that he was required to receive notice of the intent to seek entry of a default judgment. As a result, plaintiff's failure to provide such notice would constitute good cause to set aside the default judgment.

However, the parties contest whether the trial court entered the default judgment for failure to appear at trial, or for failure to plead or otherwise defend. The trial court's justification for entry of default must be fully addressed in order to resolve this issue, because the standards regarding whether defendant is entitled to receive notice of intent to seek default judgment differ depending on whether the default was entered for failure to appear at trial, or failure to plead or otherwise defend.

The order of default judgment stated that the trial court entered the default judgment based on defendant's "failure to defend" against plaintiff's claims. Conversely, the order denying defendant's motion to set aside the default judgment stated that the trial court entered the default judgment because "[d]efendant failed to appear for the scheduled trial date in this matter . . . ." The record does little to shed light on the trial court's rationale for entering a default judgment against defendant. At the trial, the trial court stated that it "may enter a default judgment now because the defendant . . . failed to appear for trial . . . ." However, at the hearing on defendant's motion to set aside the default judgment, the trial court appeared to make its ruling based on a combination of the two different rationales for entering a default judgment, and focused both on defendant's failure to appear at trial and his failure to plead or otherwise defend. The trial court ultimately ruled:

> I'm gonna [sic] deny your motion . . . . You can appeal it. I'm happy to see what the Court of Appeals would do, but I think [defendant] got a lawsuit filed against him and then he ignored it for two years . . . .

Although the record might assist in clarifying the trial court's rationale for granting a default judgment, the trial court ultimately "speaks through its written orders and judgments, not through its oral pronouncements." *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009). The difficulty in this instance is that the trial court appears to have made two different pronouncements in two separate written orders. Defendant argues that notice *was* required because plaintiff failed to include the amount of damages that he was seeking in the pleadings. In response, plaintiff argues that notice was *not* required because the default judgment was entered as a result of defendant's failure to appear at trial. However, regardless of which rationale the trial court intended to use, we conclude that the trial court abused its discretion by entering a default judgment against defendant, and by denying defendant's motion to set aside the judgment.

The trial court abused its discretion by entering a default judgment against defendant, and by denying defendant's motion to set aside the default judgment, based on defendant's failure to plead or otherwise defend. MCR 2.603(B)(1)(*a*)(iii) requires plaintiff to give defendant at least seven days' notice prior to entry of default judgment if the pleadings do not specify the amount of damages that plaintiff is seeking. See MCR 2.603(B)(1)(*a*)(iii); *Brooks Williamson & Associates, Inc*, 308 Mich App at 27. Plaintiff's complaint did not specify the amount of damages that he sought. Neither the record that was before the trial court when it entered a default judgment against defendant, nor the record before the trial court when it denied defendant's motion to set aside the default judgment, indicate that defendant was served with notice of plaintiff's intent to seek a default judgment. Additionally, there is not an entry in the trial court's register of actions showing that notice of intent to seek default judgment was filed or served on defendant. Defective process or failure to provide notice of intent to seek entry of a default judgment constitutes good cause to set aside a default judgment. *Shawl*, 280 Mich App at 237-238. Plaintiff did not properly comply with the notice provision of MCR 2.603(B)(1)(*a*)(iii). "Failure to give the notice required by MCR 2.603 invalidates the judgment." *Bullington v Corbell*, 293 Mich App 549, 562; 809 NW2d 657 (2011). As a result, defendant was not provided with proper notice of plaintiff's intent to seek entry of a default judgment.

Since defendant has shown that he was not provided proper notice, the default judgment must be set aside, regardless of whether defendant can show a meritorious defense. "[W]ithout a showing that a party has received notice of the request for entry of a default judgment, the requirement that a party must show a meritorious defense in order to set aside a default judgment runs afoul of the party's constitutional rights." *Brooks Williamson & Associates, Inc*, 308 Mich App at 36. The portion of MCR 2.603(D) that requires a party to show a meritorious defense in order to successfully set aside a default judgment "is unenforceable as applied to a party who has not been provided adequate notice." *Id*. Accordingly, defendant has properly shown that the trial court abused its discretion by entering a default judgment against him, and by denying his motion to set aside default judgment, where he was not given proper notice of intent to seek a default judgment.

Alternatively, even if the trial court entered the default judgment against defendant for failure to appear at trial, it nevertheless committed an abuse of discretion. The trial court "possess[es] the inherent authority to sanction litigants and their counsel" for failure to appear at trial. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). "A court, in its discretion, may dismiss a case with prejudice or enter a default judgment when a party or counsel fails to appear at a duly scheduled trial." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). However, a dismissal or entry of a default judgment are both drastic steps that should not be taken lightly. *Id*. Before making the decision to enter a default or default judgment, the trial court should consider a number of factors, including:

> (1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice . . . . This list should not be considered exhaustive. [*Vicencio*, 211 Mich App at 507.]

-4-

During the trial at which the trial court entered a default judgment against defendant, the trial court did not discuss any of the aforementioned factors before choosing to enter a default judgment.

Furthermore, during the hearing on defendant's motion to set aside the default judgment, the trial court did not consider whether defendant had been given proper notice of the trial date, in light of the fact that he assumed that his insurance company was properly defending him. Defendant's insurance company's negligence in failing to properly represent him, and keep him apprised of the disposition of the lawsuit, "constitute[s] a reasonable excuse, under the good cause test, to set aside the default." *Shawl*, 280 Mich App at 232-233. Therefore, the trial court abused its discretion by entering default judgment against defendant for failure to appear without considering the factors enunciated in *Vicencio*, and without considering whether the insurance company's apparent neglect should be imputed to defendant, despite his belief that the insurer was defending him in the lawsuit.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Defendant may tax costs.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Kathleen Jansen