*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL ANGELO,

      Plaintiff-Appellee,

v

LUKASZ WIETRZYNSKI,

      Defendant-Appellant,

and

MARCELLO PEDINI and MICHIGAN INJURY
ADVOCATES,

      Defendants.

UNPUBLISHED
October 19, 2023

No. 362935
Oakland Circuit Court
LC No. 2021-190193-NM

Before: K. F. KELLY, P.J., and JANSEN and CAMERON, JJ.

PER CURIAM.

Defendant Lukasz Wietrzynski appeals by right the trial court's order granting plaintiff's motion for entry of default judgment. Wietrzynski also challenges the trial court's earlier order entering a default against him. Because the trial court abused its discretion when it entered the order of default, we vacate both orders and remand for further proceedings consistent with this opinion.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff initially retained Wietrzynski and defendant Marcello Pedini, both lawyers, as well as defendant Michigan Injury Advocates, a law firm, to represent him in a lawsuit involving the sale and purchase of medical accounts. The lawsuit—in which plaintiff was a defendant—resulted in a multimillion dollar arbitration award against plaintiff and his business, Greater Lakes Ambulatory Care, LLC. Plaintiff subsequently filed suit against defendants for legal malpractice, alleging defendants "breached their duty to use reasonable skill, care, discretion, judgment, competence, diligence, and communication in representing" him.

During the litigation, a discovery dispute arose between plaintiff and Wietrzynski after Wietrzynski failed to respond in writing to plaintiff's document requests. The dispute led to a show cause hearing, where plaintiff asked the trial court enter default against Wietrzynski because plaintiff had not received any written answers to his document requests. The trial court stated it would allow plaintiff to enter an order of default against Wietrzynski under the seven-day rule;[1] if, however, Wietrzynski timely objected to the default and adequately answered plaintiff's requests before the expiration of the seven days, no order would be entered.

On June 24, 2022, plaintiff filed a notice of entry of order under the seven-day rule. On June 27, 2022, three days later and *before* the seven-day period expired, the trial court entered plaintiff's proposed order of default against Wietrzynski. Later the same day, the parties received an e-mail from the trial court's chambers, stating: "The court has mistakenly entered the default Judgment order prior to the 7-day order expiring. The court will still be accepting any objections until the end of the day on 7/1/22. If objections are filed this will remedy the order entered in error. Apologies for any confusion." Wietrzynski filed an objection to plaintiff's proposed order on the same day, arguing he fulfilled his obligations under the court rules because he produced the requested discovery material in a form kept during the usual course of business. He also filed for the first time his written answers to plaintiff's document requests. Although Wietrzynski appeared to have complied with the trial court's verbal order at the show cause hearing, the court never "remed[ied] the order entered in error" as it said it would, and the default stood.

On July 2, 2022, the case was reassigned. Although there was a pending motion from plaintiff to amend the scheduling order before the trial court, on July 7, 2022, the court entered an order sua sponte noting the entry of the default against Wietrzynski and ordering plaintiff to file a motion for entry of default judgment, which the trial court later granted in the amount of $2,140,204. This appeal followed.

## II. STANDARDS OF REVIEW

The trial court's decision to enter default against a party is reviewed for an abuse of discretion. *ISB Sales Co v Dave's Cakes*, 258 Mich App 520, 526; 672 NW2d 181 (2003). An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes. *Komendat v Gifford*, 334 Mich App 138, 149; 964 NW2d 75 (2020). "A trial court necessarily abuses its discretion when it makes an error of law." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

## III. ANALYSIS

Wietrzynski argues on appeal that the trial court's decision to enter default against him was an abuse of discretion because he complied with the trial court's verbal ruling at the show cause hearing. Thus, because the order entering default was erroneous, the court's decision to grant default judgment was also an abuse of discretion. We agree.

---

[1] MCR 2.602(B)(3).

During the show cause hearing the trial court stated:

I'm going to allow you, Mr. Elliott, to enter a default. I'll give you a seven-day order to do it. You'll do it under a seven-day. You're to answer the questions, Mr. Schwartz, have your client answer the requests. If your requests are signed and they are answered, not just a document provided, but indicate where the answers are, you have four different CDs, a total of what you're indicating is over 6,000 documents, indicate where they are, how they're kept, how you produced them, then the Court will allow you to file an objection, and I won't enter the order for the default; otherwise, if there is nothing that's indicated, sir, then the default will be entered.

Plaintiff filed the notice of entry of the order under MCR 2.602(B)(3) on June 24, 2022, giving Wietrzynski until July 1, 2022 to file an objection:

(B) Procedure of Entry of Judgments and Orders. An order or judgment shall be entered by one of the following methods:

* * *

(3) Within 7 days after the granting of the judgment or order, or later if the court allows, a party may serve a copy of the proposed judgment or order on the other parties, with a notice to them that it will be submitted to the court for signing if no written objections to its accuracy or completeness are filed with the court clerk within 7 days after service of the notice. The party must file with the court clerk the notice and proof of service along with the proposed judgment or order.

(a) If no written objections are filed within 7 days of the date of service of the notice, the judge shall sign the judgment or order if, in the court's determination, it comports with the court's decision. If the proposed judgment or order does not comport with the decision, the court shall direct the clerk to notify the parties to appear before the court on a specified date for settlement of the matter.

(b) Objections regarding the accuracy or completeness of the judgment or order must state with specificity the inaccuracy or omission.

(c) The party filing the objections must serve them on all parties as required by MCR 2.107, together with a notice of hearing and an alternate proposed judgment or order.

(d) The court must schedule the hearing upon filing of the first objection, and the party filing the objection must serve the notice of hearing under subrule (B)(3)(c). Other parties to the action may file objections with the court through the end of the 7-day period. The court must schedule a hearing for all objections within 14 days after the first objection is filed or as soon as is practical afterward. [MCR 2.602(B).]

-3-

Generally, properly entered defaults will not be set aside. See *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999) (stating that "the policy of this state is generally against setting aside defaults and default judgments that have been properly entered"). The trial court, by its own admission, however, mistakenly entered default against Wietrzynski before the seven-day period expired. MCR 2.602(B)(3)(a). In its e-mail to the parties, the trial court stated, in relevant part: "The court will still be accepting any objections until the end of the day on 7/1/22. If objections are filed this will *remedy the order entered in error*." (Emphasis added.) According to the trial court, if Wietrzynski timely filed an objection, the mistaken entry of a default would be cured. Wietrzynski filed the objection but the order was never vacated. In addition, the trial court never made a finding regarding whether Wietrzynski complied with plaintiff's document requests. Because no ruling was made, the trial court had no basis to enter default against Wietrzynski, and the trial court's mistaken entry of the default constitutes a clear error of law that necessarily constitutes an abuse of discretion. See *Pirgu*, 499 Mich at 274.

Acknowledging that the order was entered in error, plaintiff contends on appeal that any error made by the trial court was harmless[2] because Wietrzynski never actually complied with the trial court's order. According to plaintiff, default was, therefore, inevitable and this Court should affirm on that basis. We disagree.

Contrary to plaintiff's assertion that Wietrzynski failed to comply with the trial court's show cause order, it appears from the record that Wietrzynski complied with the trial court by filing a timely objection to the proposed order and filing the written responses to plaintiff's document requests. In those responses, Wietrzynski: (1) asserted he produced the information in a form kept during the usual course of business; and (2) either denied having the requested documents in his possession or indicated where plaintiff could find the requested documents. On this record, it is not at all clear that the trial court would have entered a default on the basis of Wietrzynski's submission. Moreover, it is more appropriate for the trial court, and not this Court, to address the question in the first instance. See *Peterson Financial, LLC v Kentwood*, 337 Mich App 460; 976 NW2d 691 (2021).

Plaintiff also contends that Wietrzynski waived the issue for appeal by failing to move to set aside the default. Generally, in order to preserve an issue for appellate review, the party must first raise the issue in the lower court. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). Although Wietrzynski did not file a motion to set aside default, he objected to the entry of plaintiff's proposed order and opposed plaintiff's motion for entry of default judgment. In those filings, Wietrzynski asserted that default was not warranted because he complied with the trial court's show cause order. Although typically a defendant would be required to move to set aside

---

[2] MCR 2.613(A) states:

> Harmless Error. An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.

the default under MCR 2.603(D) to later preserve the issue, Wietrzynski raised the issue with the trial court. *See id*. Moreover, it would be inconsistent with substantial justice to apply waiver in this circumstance because: (1) the default was entered in violation of MCR 2.602(B)(3); (2) the trial court stated its error would be cured if Wietrzynski filed objections; and (3) the parties proceeded with the case in reliance on the trial court's statement that the error would be cured. We disagree, therefore, that Wietrzynski has waived the issue.

In sum, Wietrzynski timely filed an objection to plaintiff's proposed order for default and appeared to have at least substantially complied with his discovery obligations. The trial court nevertheless entered default against him, later admitting in writing that doing so was a mistake. The default should have been resolved immediately by vacating the order, but it was never done. The issue was later compounded by the fact that the case was reassigned to another trial court judge. Because it was an abuse of discretion to enter the default against Wietrzynski, it necessarily follows that it was also an abuse of discretion to enter default judgment against him.

We vacate the trial court's orders entering default and default judgment against Wietrzynski and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. Wietrzynski, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Kathleen Jansen
/s/ Thomas C. Cameron