Cavanagh, J.
This case requires us to decide whether the trial court’s refusal to set aside a default judgment was an abuse of discretion. Because we find that the trial judge did not abuse his discretion in refusing to set aside the default judgment, we reverse the judgment of the Court of Appeals.
I
This case involves claims for breach of contract and tortious interference with a contractual relation *92 ship arising from a construction project of the city of Detroit housing commission.
On November 23, 1998, the circuit court directed defendants, Acme Demolition/Intervale Joint Venture (Acme/Intervale Joint Venture) and Intervale Excavating & Demolition, Inc. (Intervale), to produce Clarence Carson, the principal of Intervale, for deposition within thirty days. This order was entered only after the trial judge “bent over backwards” for defendants, even providing defense counsel an opportunity to contact Mr. Carson to ensure that he could appear within thirty days. The order provided that “[failure to produce Clarence Carson in conformity with this Order shall subject Defendant to a motion for default judgment.”
When defendants Intervale and Acme/Intervale Joint Venture failed to comply with the order, plaintiff filed a motion for default judgment against defendants. At the January 15, 1999, hearing on the motion, defense counsel stated that he had been unable to reach Mr. Carson because of the holidays and the illness of defense counsel’s son. He acknowledged that he had “not participated” in discovery and admitted “not having been available to properly represent” defendants. However, he assured the court that communications with his clients had been restored. The court granted the motion for default and the order of default was entered against both defendants on January 27, 1999, for failure to comply with the November 23, 1998, order.
Both defendants moved to set aside the default on February 12, 1999. Although defendants’ attorney assumed responsibility for the delay, the motion was denied on March 12, 1999, because the court found *93 that neither defendant demonstrated good cause to set aside the default.
Default judgment in the amount of $595,606.15 was entered against only Intervale when defense counsel did not appear for the March 18, 1999, hearing on the issue of damages.[1]
New counsel for defendant moved to set aside the default entry against both Intervale and Acme/ Intervale Joint Venture, as well as the default judgment against Intervale, claiming that Mr. Carson was not aware that the court had ordered his production for deposition. The court denied the motion at a hearing on April 30, 1999, because it had “bent over backwards . . . making sure that. . . [prior defense counsel] had the okay from his clients that they would be produced for deposition within the period of time.” The circuit court was not satisfied that good cause for setting aside the default and the default judgment was presented. The order denying the motion was entered on May 5, 1999.
Defendant appealed both the entry of default judgment and the denial of the motion to set aside the default and the default judgment. The Court of Appeals reversed in a two-to-one unpublished opinion per curiam.[2] Finding that the actions of defense counsel constituted abandonment, the majority opined that *94 there was good cause for setting aside the default and the default judgment. The Court of Appeals majority held that the trial court abused its discretion in refusing to set aside the default judgment. The dissenting judge concluded that the level of deference precludes reversal in this case; he found that the refusal to set aside the default and the default judgment was not an abuse of discretion.
Plaintiff appealed the Court of Appeals reversal of the trial court’s denial of defendant’s motion to set aside the default judgment. This Court granted plaintiff’s application for leave to appeal. 467 Mich 897 (2002).
II
This Court reviews a trial court’s refusal to set aside a default or default judgment for an abuse of discretion. Zaiter v Riverfront Complex, Ltd, 463 Mich 544, 552; 620 NW2d 646 (2001); Alken-Ziegler, Inc v Waterbury Headers Corp, 461 Mich 219, 227; 600 NW2d 638 (1999). As we recently reiterated in Alken-Ziegler:
The ruling on a motion to set aside a default or a default judgment is entrusted to the discretion of the trial court. Where there has been a valid exercise of discretion, appellate review is sharply limited. Unless there has been a clear abuse of discretion, a trial court’s ruling will not be set aside.
* * *
This Court historically has cautioned appellate courts not to substitute their judgment in matters falling within the discretion of the trial court, and has insisted upon deference to the trial court in such matters. For example, the Court stated in Scripps v Reilly, 35 Mich 371, 387 (1877):
*95 “It can never be intended that a trial judge has purposely gone astray in dealing with matters within the category of discretionary proceedings, and unless it turns out that he has not merely misstepped, but has departed widely and injuriously, an appellate court will not re-examine. It will not do it when there is no better reason than its own opinion that the course actually taken was not as wise or sensible or orderly as another would have been.”
* * *
Moreover, although the law favors the determination of claims on the merits, it has also been said that the policy of this state is generally against setting aside defaults and default judgments that have been properly entered. [AlkenZiegler at 227-229 (citations omitted).]
III
The setting aside of a default or default judgment is governed by MCR 2.603(D)(1), which provides:
A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.
Plaintiff has not challenged defendant’s affidavit of meritorious defense; therefore, the trial court only examined whether there was good cause to set aside the default and default judgment. To show “good cause,” a party may establish “ ‘(1) a substantial defect or irregularity in the proceeding upon which the default was based,’ ” or “ ‘(2) a reasonable excuse for failure to comply with the requirements which created the default ....’” Alken-Ziegler at 230 (citation omitted).
*96 Defendant asserts that there is good cause for setting aside the default and the default judgment because the actions of prior defense counsel constituted abandonment. While, generally, an attorney’s negligence is attributable to that attorney’s client, abandonment by counsel has been held to constitute good cause for setting aside a default or default judgment. White v Sadler, 350 Mich 511, 523-524; 87 NW2d 192 (1957). In White, this Court recognized that a default judgment may be set aside on the basis of abandonment or withdrawal by an attorney:
We find no ALR annotation squarely on the point of the negligence of an attorney as a ground for opening or vacating a default judgment, but we do find one on the abandonment of or withdrawal from a case by an attorney as such a ground (114 ALR 279). That annotation has this revealing passage on page 280:
“An attorney’s negligence or mistake is distinguishable, as regards the right to reopen a default judgment, from his abandonment of the case, which may be in effect a fraud on his client. So that from the mere fact that the attorney’s negligence may be imputable to his client and prevent the latter from relying on that ground for vacating or opening a default judgment, it does not necessarily follow that the same rule will apply in the event of the attorney’s abandonment of the case. It is said in 15 RCL (Perm Supp ed), Judgments, § 161, p 711: ‘In some jurisdictions the negligence or mistake of an attorney is not imputable to his client, and does not debar him from obtaining relief from a judgment due thereto, but the decisions in most of the States are to the effect that the neglect or mistake of an attorney or agent must be treated as that of his principal, and hence whenever the mistake, negligence or inadvertence relied upon is of so gross a character that it would not have entitled the party to relief had it been his own, it is equally unavailable to procure him relief when attributable to his attorney.’ ” [Id.]
*97 In this case, the circuit court examined the actions of the prior defense counsel and refused to set aside the default and the default judgment.
Defendant argued that the default and the default judgment should be set aside because Mr. Carson did not have knowledge that the trial court ordered him to appear for deposition, nor did he have knowledge that default had been entered. Defendant asserts Mr. Carson’s lack of knowledge was the result of prior counsel’s abandonment. Mr. Carson signed an affidavit dated April 22, 1999. The affidavit stated, in part, that before April 14, 1999, Mr. Carson was not advised that any party was attempting to depose him, nor was he advised that the court had entered an order compelling his appearance for deposition or that default and default judgment had been entered.
The Court of Appeals majority relied, in part, on this affidavit to conclude that the trial judge abused his discretion in refusing to set aside the default judgment. The affidavit and statements by prior counsel that he failed to properly represent his clients convinced the Court of Appeals majority that prior counsel abandoned the representation.
However, the Court of Appeals is obliged to review a trial court’s ruling on a motion to set aside a default or default judgment for an abuse of discretion. Zaiter at 552; Alken-Ziegler at 227. Although the Court of Appeals majority correctly identified this as the standard of review, it impermissibly substituted its own judgment for that of the trial court.
There is significant evidence in the record from which the trial judge could conclude that defendant was not abandoned by prior counsel. At the April 30, 1999, hearing, the trial judge stated that despite prior *98 counsel’s son’s medical problems, prior counsel continued to represent defendants and “was here most of the time with regard to this case.” The trial judge also stated that he “bent over backwards” to assure that prior counsel “had the okay from his clients that they would be produced for deposition within the period of time.” Before entering the order compelling production of Mr. Carson, the trial judge apparently provided prior counsel with an opportunity to contact Mr. Carson to ensure that he could appear for a deposition within thirty days. Prior counsel assured the court that the order was “okay.”
Further, on February 3, 1999, Mr. Carson signed an affidavit entitled “Affidavit of Intervale Excavating & Demolition, Inc, in Support of Motion to Set Aside Default Entry.” At the least, this proves that Mr. Carson and prior counsel had contact regarding the case after the default was entered, but before the date Mr. Carson claims he became aware that the default had been entered. Moreover, in response to defendants’ argument below that Mr. Carson lacked knowledge of significant aspects of the case, the trial court stated that it recalled being told by prior counsel that he was in communication with his clients.
The trial judge examined all the evidence regarding prior counsel’s representation and determined that prior counsel did not abandon the representation; therefore, defendant had not presented good cause for setting aside the default and the default judgment. In light of the evidence in the record and the trial judge’s reasoned decision based on that evidence we cannot conclude that the trial court’s refusal to set aside the default judgment was an abuse of discretion.
*99 IV
We agree with plaintiff and the dissenting Court of Appeals judge that the Court of Appeals majority failed to accord the circuit court’s ruling the deference it was due and, thus, we reverse the ruling of the Court of Appeals.
Weaver, Kelly, and Markman, JJ., concurred with Cavanagh, J.

 Apparently, there was some confusion whether defense counsel was representing both Acme/Intervale Joint Venture and Intervale. At the March 18, 1999, hearing, counsel for plaintiff stated that although default had been entered against both Acme/Intervale Joint Venture and Intervale she was proceeding only against Intervale. For the remainder of this opinion, “defendant” refers to defendant Intervale Excavating & Demolition, Inc.

 Unpublished opinion per curiam, issued November 2, 2001 (Docket No. 221513).