# STATE OF MICHIGAN

# COURT OF APPEALS

BANK OF AMERICA, NA, as successor by
merger to BAC HOME LOANS SERVICING, LP,

UNPUBLISHED
July 16, 2015

Plaintiff-Appellee,

v

No. 320907
Oakland Circuit Court
LC No. 2013-137464-CH

JAMES D. BALL and LINDA L. BALL,

Defendants-Appellants,

and

BERT L. REWOLD and SUSAN M. REWOLD,

Defendants.

Before: HOEKSTRA, P.J., and JANSEN and METER, JJ.

PER CURIAM.

Defendants James D. Ball and Linda L. Ball ("defendants") appeal as of right from the lower court order granting a default and a default judgment in favor of plaintiff Bank of America, NA, as successor by merger to BAC Home Loans Servicing, LP, and the later order denying defendants' motion to set aside the default and default judgment. We affirm.

Defendants argue that the lower court abused its discretion in failing to set aside the default and default judgment. Specifically, defendants assert that they established "good cause" for failing to respond to the complaint in the lower court. In support of this contention, defendants state that they were under the impression that their attorney was handling the matter and protecting their legal interests in the lower court after plaintiff initiated the litigation during the busy holiday season in late November 2013 and served defendants on December 10, 2013 (a default was entered on January 3, 2014). Defendants also argue that reversal is warranted because they presented an affidavit of meritorious defense.

Appellate review of a trial court's ruling on a motion to set aside a default or a default judgment is for an abuse of discretion. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227-228; 600 NW2d 638 (1999). Further, while the law favors determinations on the merits, the public policy of this state generally disfavors setting aside defaults and default

-1-

judgments that are properly entered. *Id*. at 229; *Saffian v Simmons*, 477 Mich 8, 15; 727 NW2d 132 (2007). MCR 2.603(D)(1) governs the setting aside of defaults and default judgments and provides: "A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."

In *Shawl v Spence Bros, Inc*, 280 Mich App 213, 238; 760 NW2d 674 (2008), this Court set forth guidelines for lower courts to consider when determining if a party has demonstrated "good cause" and a "meritorious defense" to the extent that setting aside a default or default judgment is warranted. The *Shawl* Court cautioned that this "fact-intensive" inquiry must be based on "the totality of the circumstances." *Id*. at 236-237.

> In determining whether a party has shown good cause, the trial court should consider the following factors:
>
> (1) whether the party completely failed to respond or simply missed the deadline to file;
>
> (2) if the party simply missed the deadline to file, how long after the deadline the filing occurred;
>
> (3) the duration between entry of the default judgment and the filing of the motion to set aside the judgment;
>
> (4) whether there was defective process or notice;
>
> (5) the circumstances behind the failure to file or file timely;
>
> (6) whether the failure was knowing or intentional;
>
> (7) the size of the judgment and the amount of costs due under MCR 2.603(D)(4);
>
> (8) whether the default judgment results in an ongoing liability (as with paternity or child support); and
>
> (9) if an insurer is involved, whether internal policies of the company were followed.
>
> In determining whether a defendant has a meritorious defense, the trial court should consider whether the affidavit contains evidence that:
>
> (1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement;
>
> (2) a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8); or

(3) the plaintiff's claim rests on evidence that is inadmissible. [*Shaw*l, 280 Mich App at 238 (footnote omitted).]

The *Shawl* Court explained that these lists are not exhaustive or exclusive, the lower court need only consider the factors that are relevant, and the lower court has discretion to decide how much weight to give each factor. *Id*. at 239.

We will first address defendants' assertions that they have satisfied the requirement of a showing of good cause under MCR 2.603(D)(1). Aside from the *Shawl* factors listed above, a party seeking to set aside a default or default judgment may establish good cause by showing "'a procedural irregularity or defect or a reasonable excuse for failing to comply with the requirements that led to the default judgment.'" *Bullington v Corbell*, 293 Mich App 549, 561; 809 NW2d 657 (2011), quoting *ISB Sales Co v Dave's Cakes*, 258 Mich App 520, 533; 672 NW2d 181 (2003).

Defendants assert that their failure to respond to the complaint was warranted and justified because the complaint was filed during the holiday season, they believed that their attorney was handling the matter and there was an apparent miscommunication with him, and plaintiff moved swiftly to enter a default against them. We are not persuaded by defendants' arguments. There was no procedural defect or irregularity in the instant matter. Defendants do not contest that they were personally served with process and that they were served by first-class mail with the notice of entry of the default and plaintiff's motion seeking entry of the default judgment. Considering the totality of the circumstances and the *Shawl* factors , we conclude that the lower court did not abuse its discretion in finding that defendants did not establish good cause to set aside the default. This was not a case where the defendants simply "missed a deadline" to file their responsive pleadings, and the lower court record does contain assertions that defendants were aware of the issues leading to the present litigation at least since the fall of 2013. Nonetheless, defendants did not file responsive pleadings in this matter until February 12, 2014, almost a month after the hearing on plaintiff's motion seeking entry of the default judgment and the subsequent entry of the default judgment that same day. There was no evidence of defective process or notice, and defendants' failure to respond to the litigation was knowing, given that they were personally served.

Although defendant Linda L. Ball asserted in her affidavit and at the hearing on plaintiff's motion that she believed defendants' attorney was handling the matter, that attorney had not filed an appearance in the lower court. Further, any alleged attorney neglect is attributable to defendants. *Amco Builders & Developers Inc v Team Ace Joint Venture*, 469 Mich 90, 96; 666 NW2d 623 (2003). Defendants further point to case law stating that "the mere existence of negligence does not preclude a finding of good cause." *Huggins v Bohman*, 228 Mich App 84, 87; 578 NW2d 326 (1998). However, the facts of this case demonstrate that defendants, after being personally served, knowingly did not take appropriate actions to protect their legal interests, and therefore this is not a case of "mere negligence." While the impact of the entry of the default judgment to defendants is significant, under the totality of the circumstances we do not believe that the lower court abused its discretion in concluding that defendants had not met the "good cause" requirement of MCR 2.603(D)(1).

Moreover, defendants' affidavit of meritorious defense, viewed against the totality of the circumstances and the factors set forth in *Shawl*, did not warrant setting aside the default or default judgment, and therefore the lower court did not abuse its discretion in this regard. A review of the affidavit reflects that it makes general statements and is conclusory in that it does not contain particular, specific facts supporting defendants' contention that they did not intend to encumber the 10-foot strip of property at issue. In *Huntington National Bank v Ristich*, 292 Mich App 376, 392; 808 NW2d 511 (2011), this Court elaborated on the court rule's requirement of an affidavit of meritorious defense:

> MCR 2.603(D)(1) requires an affidavit of facts establishing a meritorious defense. The purpose of an affidavit of meritorious defense is to inform the trial court whether the defaulted defendant has a meritorious defense to the action. Such an affidavit requires the affiant to have personal knowledge of the facts, *state admissible facts with particularity*, and show that the affiant can testify competently to the facts set forth in the affidavit. [Citation omitted; emphasis added.]

We conclude that defendants' affidavit of meritorious defense was deficient in that it did not state admissible facts with particularity. A review of the *Shawl* factors confirms our conclusion that the lower court did not abuse its discretion in refusing to set aside the default and the default judgment. The affidavit did not establish that plaintiff cannot prove an element of its claim or that defendants can disprove the same, and there is no showing that plaintiff's claim rests on inadmissible evidence. *Shawl*, 280 Mich App at 238. In sum, viewing the totality of the circumstances, we conclude that the lower court did not abuse its discretion in holding that defendants did not present an affidavit of meritorious defense that warranted setting aside the default and default judgment.

Because defendants have not established "good cause" or a "meritorious defense" warranting setting aside the default and default judgment, we also reject defendants' assertion that manifest injustice has occurred in this case. *Alken-Ziegler*, 461 Mich at 233 (observing that "manifest injustice" occurs where a default remains even after a party has established good cause and a meritorious defense).

Affirmed.

/s/ Joel P. Hoekstra
/s/ Kathleen Jansen
/s/ Patrick M. Meter

-4-