*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BANK OF THE WEST,

        Plaintiff-Appellant,

v

HARDROCK HDD, INC.,

        Defendant,

and

JEFFERY L. PATRICK and DANNY PATRICK,

        Defendants-Appellees.

UNPUBLISHED
May 30, 2019

No. 342874
Jackson Circuit Court
LC No. 16-002969-PD

Before: SHAPIRO, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

Plaintiff, Bank of the West, appeals by leave granted[1] from a December 12, 2017 order setting aside a default and default judgment entered against individual defendants Jeffrey Patrick and Danny Patrick. We reverse and remand for an order reinstating the default and default judgment.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In September 2015, defendant Hardrock HDD, Inc. (Hardrock)[2] purchased drilling equipment with $301,398.75 in financing from plaintiff. Defendants guaranteed Hardrock's debt

---

[1] *Bank of the West v Hardrock HDD Inc*, unpublished order of the Court of Appeals, entered October 1, 2018 (Docket No. 342874).

[2] Hardrock is not participating in this appeal. Thus, "defendants" will refer only to the individual defendants, Jeffrey Patrick and Danny Patrick.

to plaintiff. On October 24, 2016, several months after Hardrock last made a monthly payment to it, plaintiff filed suit against Hardrock and defendants, alleging that Hardrock had defaulted on its obligation under the financing agreement and failed to respond to plaintiff's communications and requests for compliance. Plaintiff requested possession of the drilling equipment and a judgment against Hardrock and defendants for $314,729.25, the amount of principal and interest due and owing. Plaintiff also filed a verified motion for possession of the drilling equipment.

Subsequently, counsel for Hardrock and defendants negotiated a stipulated order of possession that allowed defendants time to obtain a better price for the equipment by marketing and selling it themselves. Defendants were unable to sell the equipment within the agreed-upon time period, and plaintiff took possession of the drilling equipment on or around January 2, 2017. Plaintiff then sold the drilling equipment at a Uniform Commercial Code ("UCC") foreclosure sale. The net proceeds of the sale were $108,170.15. On April 28, 2017, at the request of plaintiff, a default was entered against Hardrock and defendants; Hardrock filed for bankruptcy the same day.

On May 15, 2017, plaintiff moved for entry of a default judgment against defendants for $338,207.58 (less any amount of proceeds and payments retained or received), an amount comprised of principal and interest, attorney fees and costs, and recovery, transportation, storage, and resale charges. Plaintiff noticed a hearing on its motion for May 23, 2017. Appearing at the hearing without an attorney, defendants informed the court that an attorney had been representing them and Hardrock "jointly," but the attorney was now only representing Hardrock in its bankruptcy proceedings, and they were attempting to find another attorney to represent them. Plaintiff agreed to a short adjournment to allow defendants time to find new counsel. The court agreed with plaintiff that a trial date was unnecessary because defendants had been defaulted, and told plaintiff to renotice its motion for hearing if necessary after defendants obtained counsel.

A second hearing on plaintiff's motion for entry of a default judgment occurred on July 18, 2017. Still looking for counsel to represent them, defendants explained to the court that they were "tight on funds" and could not afford an attorney. Defendants also told the court that they did not believe that plaintiff had exercised due diligence in selling the drilling equipment. They explained that, although the drilling equipment was in high demand and plaintiff valued it at more than $300,000, plaintiff had sold the equipment for less than $120,000. Defendants opined that reasonable commercial practices required that plaintiff attempt to obtain a greater price. The court ended the hearing by saying: "Gentlemen, I'm going to give you one month to figure something out. If not, I will enter the default without anybody appearing. If you don't have an attorney and an answer in 30 days from today's date you can just submit the default at that time."

On August 15, 2017, an attorney entered an appearance for defendants. It is undisputed that defendants' counsel did not file a response to plaintiff's motion for entry of a default judgment prior to expiration of the 30-day period the trial court allotted them. On September 28, 2017, plaintiff filed a motion for entry of a default judgment for $230,037.43, an amount that included a reduction for the proceeds from the sale of the drilling equipment. The following day, the court entered a default judgment against defendants for the requested amount.

On October 4, 2017, prior to receiving a copy of the default judgment, defendants filed a response and brief opposing plaintiff's motion for entry of a default judgment pursuant to the

court's July 18, 2017 ruling. Defendants asserted that they had twice appeared at hearings to protect their interests against plaintiff's motion for entry of a default judgment, that they had taken the court's "advice" at the second hearing and hired an attorney, and that their attorney had filed an appearance. Defendants argued that plaintiff's request for entry of a default judgment without a hearing was inappropriate because it sought to bypass the protections afforded them by Michigan's court rules. They clarified that they were not seeking to have the default set aside; they just "vehemently oppose" plaintiff's damage calculation. Specifically, they argued that plaintiff had not followed the provisions in the UCC, MCL 440.1101 *et seq.*, that require a secured party to sell collateral in a manner that is "commercially reasonable."

On October 20, 2017, defendants moved to set aside default judgment, raising essentially the same arguments they had set forth in their October 4, 2017 brief opposing plaintiff's motion for entry of the judgment. They cited the procedural history of the case as good cause or a "reasonable excuse" for setting aside the default history and, regarding a meritorious defense, they asserted that plaintiff failed to sell the drilling equipment in a commercially reasonable manner, as required by the UCC. Consequently, their liability was limited to the difference between the sum of the secured obligation and the amount of proceeds that plaintiff would have realized had it proceeded in accordance with the provisions of the UCC.

In opposition to defendants' motion, plaintiff argued that defendants had ample notice that the trial court would enter a default judgment if they failed to defend, and thus, they could not establish good cause to set aside the judgment. Plaintiff also argued that the affidavit defendants filed asserting a meritorious defense contained neither facts nor substance sufficient to set forth such a defense.

Subsequent to a hearing at which the parties argued consistently with their briefs, the trial court stated, without providing any explanation, that it would set aside the default and the default judgment. The court entered a corresponding order on December 12, 2017. Plaintiff filed a motion for reconsideration, which the trial court denied. Thereafter, plaintiff filed an application for leave to appeal in this Court, which the Court granted.

## II. STANDARD OF REVIEW

This Court reviews a trial court's decision to set aside a default or a default judgment for an abuse of discretion. *Amco Builders & Developers, Inc v Team Ace Joint Venture*, 469 Mich 90, 94; 666 NW2d 623 (2003). "An abuse of discretion occurs if the trial court's decision falls outside the range of principled outcomes." *Macomb Co Dep't of Human Services v Anderson*, 304 Mich App 750, 754; 849 NW2d 408 (2014).

## III. DISCUSSION

Plaintiff contends that the trial court erred in setting aside the default judgment it previously entered against defendants. We agree.

MCR 2.603 sets forth the procedures relative to obtaining and setting aside defaults and default judgments. To set aside a default or a default judgment, a party must demonstrate good cause and file an affidavit showing a meritorious defense. MCR 2.603(D)(1)[3]; See *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 233; 600 NW2d 638 (1999). Whether a party has shown good cause and a meritorious defense are separate and distinct inquiries; nevertheless, the strength of the meritorious defense will affect the "good cause" showing that is necessary. *Id*. at 233-234. "[I]f a party states a meritorious defense that would be absolute if proven, a lesser showing of 'good cause' will be required than if the defense were weaker, in order to prevent manifest injustice." *Id*.

To show "good cause," a party must establish a substantial defect or irregularity in the proceeding upon which the default was based or a reasonable excuse for failure to comply with the requirements, which created the default. *Amco Builders & Developers, Inc*, 469 Mich at 95; *Alken-Ziegler, Inc*, 461 Mich at 233.[4] To constitute good cause, the substantial defect or irregularity must have prejudiced the defendant. See *Alycekay Co v Hasko Constr Co*, 180 Mich App 502, 506-507; 448 NW2d 43 (1989).

Defendants argue that the court's failure to enter a written order after the July 18, 2017 hearing, specifying that defendants had 30 days to engage an attorney *and* to file a response to plaintiff's motion for entry of a default judgment, resulted in a lack of clarity. According to defendants, this constituted a procedural irregularity that prejudiced defendants and sufficed to establish good cause to set aside the default judgment.

"The rule is well established that courts speak through their judgments and decrees, not their oral statements or written opinions." *Tiedman v Tiedman*, 400 Mich 571, 576; 255 NW2d 632 (1977). "However, there are circumstances in which an oral ruling has the same force and effect as a written order, as when, for example, an oral ruling clearly communicates the finality of the court's pronouncements." *Arbor Farms, LLC v GeoStar Corp*, 305 Mich App 374, 388; 853 NW2d 421 (2014)(quotation marks and citation omitted). "When assessing whether an oral ruling has equal effect to that of a written order, [this Court] consider[s] whether the oral ruling contains indicia of formality and finality comparable to that of a written order." *Id*. In *Arbor Farms, LLC*, this Court found that the trial court's unequivocal assertion that " 'this is the ruling of the Court[,]' " its statement that it was modifying a prior order, and its specific instructions to the defendant to take certain actions within 30 days "reflect[ed] a formal resolution, not a tentative conclusion of merely loose impressions of the matter." *Id*.

---

[3] Amendments to MCR 2.603(D)(1) took effect May 1, 2019. The amended rule now allows a party to submit a "statement of fact showing a meritorious defense, verified in the manner prescribed by MCR 1.109(D)(3)." The 2019 amendments did not change MCR 1.109(D)(3), which governs verification. The issues on appeal arose and were decided prior to the effective date of the amendments.

[4] In *Alken-Zeigler*, 461 Mich at 233, the Supreme Court clarified that "manifest injustice" is not a separate occurrence, such as a procedural defect, that allows a party to establish good cause.

The trial court in the case at bar, with plaintiff's consent, had already given defendants ample time to find another attorney, and yet they still had not done so as of the July 18, 2017 hearing. At that hearing, the court expressly told defendants they had "one month to figure something out" and that, if defendants did not have an attorney and file an answer to the motion for entry of a default judgment within 30 days, plaintiff could submit a default judgment, which the court would sign without anybody appearing. Put simply there would be no more hearings. This order was unambiguous and specific, and the consequences for defendant's failure to comply were explicit. Although the court did not preface its statement by asserting, "this is the ruling of the Court," its statement nonetheless communicated finality of the court's pronouncement regarding what defendants had to do to avoid entry of a default judgment, and the time within which they had to do it.[5] *Id.* The trial court's statement was not "a tentative conclusion or merely loose impressions of the matter." *Id*. The lack of a written order does not render the trial court's pronouncement at the July 18, 2017 hearing any less clear or final.

Defendants did not comply with the court's order; although they hired an attorney within the 30-day period, the attorney did not file a response to plaintiff's motion for entry of the default judgment. Six weeks later, plaintiff filed its motion for entry of a default judgment in accordance with the court's order, and the court entered the default judgment the following day, in accordance with its order from the July 18, 2017 hearing. The circumstances surrounding the trial court's entry of the default judgment do not reflect a substantial defect or irregularity in the proceedings upon which the default judgment was based or a reasonable excuse for failure to comply with the requirements that created the default judgment. See *Amco Builders & Developers, Inc*, 469 Mich at 95.

Even if this Court assumes for the sake of argument that defendants have shown good cause, it is clear that they have not established the second requirement for setting aside a default judgment; namely, a meritorious defense.[6] MCR 2.603(D)(1); *Alken-Ziegler, Inc*, 461 Mich at

---

[5] Defendants' persistent characterization of the order as "advice" or a "recommendation" is disingenuous given that defendants needed and wanted counsel, and plaintiff had agreed to a short adjournment at the May 23 2017 hearing to allow defendants more time to obtain counsel. Under these circumstances, the court's order is not "advice" or a "recommendation," but an exercise of its inherent authority to manage its docket. See *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006) (recognizing a trial court's inherent authority to manage its "own affairs so as to achieve the orderly and expeditious disposition of cases").

[6] Plaintiff relies on *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 393; 808 NW2d 511 (2011), to argue that "merely contesting the amount of liability does not establish a meritorious defense." That is true when it comes to seeking to set aside a default, as was the case in *Huntington*. It is less clear that this proposition of law equally pertains to a motion to set aside a default judgment based on the defaulted party's objection to the manner in which damages were calculated. However, where a party does contest the amount of liability, it must set forth facts sufficient to establish a defense; it cannot "merely" assert that the damages are too much. In the present case, defendants did not provide an affidavit setting forth facts indicating that plaintiff

233-234. In determining whether there is a meritorious defense, a trial court should consider whether the defendant's affidavit contains evidence that:

> (1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement;
>
> (2) a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8); or
>
> (3) the plaintiff's claim rests on evidence that is inadmissible. [*Shawl v Spence Bros, Inc*, 280 Mich App 213, 238; 760 NW2d 674 (2008).]

Presumably, because defendants argue that plaintiff did not dispose of the equipment in a commercially reasonable manner, their affidavit should contain evidence indicating that plaintiff cannot prove, or that defendant can disprove, that plaintiff's sale of the equipment was not commercially reasonable under the UCC. *Id*. Defendants have failed to make that showing.

Under the UCC, a secured creditor must dispose of collateral in a commercially reasonable manner, MCL 440.9610(1). "A disposition of collateral is made in a commercially reasonable manner if the disposition is made in the usual manner on any recognized market, at the price current in any recognized market at the time of the disposition, or otherwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition." MCL 440.9627(2). "The fact that a greater amount could have been obtained by a disposition at a different time or in a different manner from that selected by the secured party is not of itself sufficient to preclude the secured party from establishing that the disposition was made in a commercially reasonable manner." MCL 440.9627(1). If a secured party fails to prove that the disposition was conducted in accordance with the provisions of the UCC, the liability of the debtor for a deficiency is limited to an amount "by which the sum of the secured obligation, expenses, and attorney fees exceed the . . . amount of proceeds that would have been realized had the noncomplying secured party proceeded in accordance with the provisions" of the UCC. MCL 440.9626(c)(*ii*).

Defendants identified the drilling equipment that Hardrock purchased as a "status bursting unit" (SBU), and asserted that plaintiff sold the SBU for much less than its recognized market value at the time of the sale. The affidavit contained averments that SBUs are in high demand but are low in supply, that Hardrock purchased the SBU for approximately $360,000, and that Hammerhead, the company that manufactured the SBU and then purchased it from plaintiff, sold it to a third party for approximately $120,000. However, the fact that a greater amount might have been obtained for the drilling equipment, alone, is not sufficient to prove that plaintiff disposed of the equipment in a commercially unreasonable manner. See MCL 440.9627(1). The affidavit is void of any facts that would indicate the market value of the SBU at the time of the sale. Accordingly, the affidavit fails to set forth facts showing that the price at

---

disposed of the drilling equipment in a commercially unreasonable manner; therefore, they did not establish a meritorious defense for setting aside the default judgment.

which plaintiff sold the SBU in March 2017 was not "the price current in any recognized market at the time of the disposition." MCL 440.9627(2).

Defendants also asserted that plaintiff did not sell the SBU in conformity with reasonable commercial practices among dealers in the industry and that plaintiff disposed of the SBU in a commercially unreasonable manner. The affidavit contained averments regarding the relationship between plaintiff and Hammerhead. However, the affidavit is void of any facts regarding the specific procedures that plaintiff used to sell the SBU, as well as facts concerning the typical manner and practices of selling drilling equipment. Defendants allege that plaintiff did not sell the equipment in a commercially reasonable manner, but fail to provide any evidence of what entails a commercially reasonable manner or of how plaintiff's procedure differed therefrom.[7] Accordingly, the affidavit also fails to set forth facts that establish that plaintiff did not sell the SBU "in the usual manner on any recognized market . . . or otherwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition." MCL 440.9627(2).

Based on the foregoing, this Court concludes that the trial court abused its discretion in setting aside the September 2017 default judgment. Defendants did not demonstrate good cause, and even if had the Court properly concluded otherwise, they did not file an affidavit showing a meritorious defense. See *Amco Builders & Developers, Inc*, 469 Mich at 94. Defendants had to satisfy both of these requirements in order to be entitled to a set aside of the default judgment. MCR 2.603(D)(1) ("A motion to set aside . . . a default judgment . . . shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed"). They did not; therefore, they were not entitled to have the default judgment entered against them set aside.

Plaintiff next argues that the trial court abused its discretion by setting aside the default entered against defendants. Again, we agree.

"If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit, the clerk must enter the default of that party." MCR 2.603(A)(1). "Once the default of a party has been entered, that party may not proceed with the action until the default has been set aside . . . ." MCR 2.603(A)(3). As already indicated, to set aside a default, a party must demonstrate good cause and file an affidavit showing a meritorious defense. MCR 2.603(D)(1); *Alken-Ziegler, Inc*, 461 Mich at 233.

---

[7] We note that in the stipulated order of possession, entered November 29, 2016, plaintiff agreed not to exercise its right of possession for a period of at least 21 days, and that if within the 21 days of the entry of the order Hardrock made one payment to plaintiff in the amount of $5,722.35, the "Marketing Period" would be extended for one additional 21-day period, making it a 42-day period. In other words, plaintiff gave Hardrock and defendants time to sell the equipment themselves before further pursuing possession and sale, and defendants were unable to do so.

Defendants clearly stated in their motion to set aside the default judgment that they were not seeking to have the default set aside. They have not denied plaintiff's right to repossess the drilling equipment or their liability under the terms of the financing agreement. They did not argue that there was a substantial defect or irregularity in the proceeding upon which the April 2017 default was based or a reasonable excuse for failure to comply with the requirements that created the April 2017 default. *Amco Builders & Developers, Inc*, 469 Mich at 95. Their entire argument regarding good cause concerned events that occurred after entry of the April 2017 default. Those events included defendants' appearance at the hearings on May 23, 2017, and July 18, 2017; the trial court's failure to enter an order after the July 18, 2017 hearing; and defendants' retention of counsel in August 2017. As these events occurred after entry of the default, they do not provide good cause for setting aside the default. Because defendants failed to show good cause, the trial court erred in setting aside the default. MCR 2.603(D)(1); *Alken-Ziegler, Inc*, 461 Mich at 233. We need not consider whether defendants established a meritorious defense. See *Zaiter v Riverfront Complex, Ltd*, 463 Mich 544, 553 n 9; 620 NW2d 646 (2001) (stating, "[t]here being no good cause in this case, we do not reach the question of meritorious defense").

For the foregoing reasons, we reverse the trial court's December 12, 2017 order and remand for entry of an order reinstating the default and the default judgment. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Jane M. Beckering