*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TGINN JETS, LLC, RODNEY M. LOCKWOOD, JR, LOCKWOOD FAMILY INVESTMENTS LIMITED PARTNERSHIP, RONALD J SLAVIK, J R  SLAVIK & ASSOCIATES, JR SLAVICK & ASSOCIATES II,

      Plaintiffs/Counterdefendants-
      Appellees,

v

CULLAN MEATHE and JENNY MEATHE, Individually and as Trustees for HAMPTON ROAD TRUST, HAMPTON RIDGE PROPERTIES, LLC, and BROWARD DEBT MANAGEMENT, LLC,

      Defendants/Cross-Defendants-
      Appellants,

and

BART HOUSTON, Individually and as Trustee for TRINITY TRUST, and MOCHA PROPERTIES, LLC,

      Defendants-Appellants,

and

FIRST NATIONAL BANK OF AMERICA,

      Defendant/Counterplaintiff/Cross-
      Plaintiff.

UNPUBLISHED
November 3, 2022

No.   358243
Wayne Circuit Court
LC No.   20-008398-CZ

Before:  RICK, P.J., and O'BRIEN and PATEL, JJ.

PER CURIAM.

-1-

In this case involving the enforcement of a judgment lien, defendants/cross-defendants, Cullan Meathe and Jenny Meathe (both individually and as trustees of the Hampton Road Trust); Hampton Ridge Properties, LLC (HRP); Broward Debt Management, LLC (BDM); and defendants, Bart Houston (individually and as trustee of the Trinity Trust); and Mocha Properties, LLC (MP) (hereinafter referred to collectively as defendants)[1], appeal as of right the trial court's entry of default judgment after striking pleadings as a sanction in favor of plaintiffs/counterdefendants, TGINN Jets, LLC; Rodney M. Lockwood; Jr.; Lockwood Family Investments Limited Partnership; J Ronald Slavik; J R Slavik & Associates; and JR Slavick & Associates II (hereinafter referred to as plaintiffs). We affirm.

## I. BACKGROUND

HRP, whose sole member and manager is Cullan Meathe, acquired a single-family home at 29 Hampton Road, in Grosse Pointe Shores, Michigan (the property). On September 28, 2007, HRP granted a mortgage on the property to Citizens First Bank (CFB) as mortgagee, to secure current and future indebtedness not to exceed $1,600,000 (the CFB mortgage). The CFB mortgage originally secured only the debt of HRP, but later was amended to include personal indebtedness of Cullan Meathe and Jenny Meathe. The amended mortgage was signed and recorded.

In 2007, plaintiffs sued Cullan Meathe and HRP for breach of contract, and obtained a money judgment. Judgment liens were entered on March 25, 2009. Subsequently, the mortgage changed hands more than once and ultimately, in May 2019, the CFB mortgage was assigned to BDM. HRP executed a deed in lieu of foreclosure and conveyed its interest in the property to BDM. The deed was recorded on January 27, 2020. In December 2019, Cullan Meathe obtained a loan from defendant/counterplaintiff/cross-plaintiff, First National Bank of America, in the amount of $365,000. The purpose of the loan was to purchase the property from BDM. A warranty deed conveying the property to Cullan and Jenny Meathe as co-trustees of the Hampton Road Trust was recorded, and a release of the CFB mortgage was recorded on January 27, 2020.

On July 6, 2020, after these transactions, plaintiffs filed a five-count complaint under the Michigan Uniform Voidable Transactions Act (MUVTA), MCL 566.31 *et seq*., alleging fraud and intentional interference with the judgment liens. After plaintiffs made several attempts to obtain documents from defendants, plaintiffs moved to compel defendants to produce those documents. On December 11, 2020, by praecipe order, the trial court granted plaintiffs' motion to compel. The trial court ordered defendants to produce the requested documents within 21 days. Discovery was scheduled to be completed by February 15, 2021.

Defendants failed to produce documents in compliance with the trial court's December 11, 2020 order. This resulted in plaintiffs requesting the trial court to strike pleadings and enter a default. Defendants responded, arguing they had produced all available documents. The trial court granted plaintiffs' motion to strike pleadings and for entry of default against defendants. As such, plaintiffs moved for default judgment against defendants, alleging $471,000 in damages. Defendants objected to plaintiffs' motion for entry of default judgment and demanded a hearing

---

[1] First National Bank of America is not a party to this appeal. The trial court's default judgment dismissed the action without prejudice or costs as to First National Bank of America.

on the issue of damages. The trial court denied and dismissed the objection. On April 8, 2021, without oral argument, the trial court entered an order striking defendants' pleadings and entering defaults. Plaintiffs filed a notice of presentment and a proposed default judgment. The defendants then again objected. Defendants did not move to set aside the default. The trial court entered a default judgment against defendants on August 2, 2021. This appeal followed.

## II. DEFAULT JUDGMENT

Defendants argue that the trial court was required to consider a less drastic sanction on the record[2], and that it abused its discretion by entering default judgment. We disagree.

## A. STANDARD OF REVIEW

A trial court's decision to enter a default judgment is reviewed for abuse of discretion. *ISB Sales Co v Dave's Cakes*, 258 Mich App 520, 526; 672 NW2d 181 (2003). Similarly, this Court reviews a trial court's imposition of discovery sanctions for an abuse of discretion. *Swain v Morse*, 332 Mich App 510, 518 n 9; 957 NW2d 396 (2020). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Woodward v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006). "Where there has been a valid exercise of discretion, appellate review is sharply limited," and "[u]nless there has been a clear abuse of discretion, a trial court's ruling will not be set aside." *Amco Builders & Developers, Inc v Team Ace Joint Venture*, 469 Mich 90, 94; 666 NW2d 623 (2003) (quotation marks and citation omitted). "[A]lthough the law favors the determination of claims on the merits, it has also been said that the policy of this state is generally against setting aside defaults and default judgments that have been properly entered." *Id*. at 95 (quotation marks and citation omitted).

This Court reviews the interpretation and application of court rules de novo as questions of law. *Brooks Williamson & Assoc, Inc v Mayflower Constr Co*, 308 Mich App 18, 25; 863 NW2d 333 (2014). "The goal in interpreting court rules is to give effect to the rule maker's intent as expressed in the court rule's terms, giving the words of the rule their plain and ordinary meaning." *Id*. (quotation marks, citation, and alteration omitted). Where the language is unambiguous, this Court will enforce the rules as written. *Id*.

---

[2] In their brief on appeal, defendants assert that the default was not entered properly under MCR 2.603, which requires a clerk to enter a default. Defendants do not specify which subrule they take issue with, but argue, "Plaintiffs merely announce a default when none has occurred." This issue is not properly before this Court on appeal and, therefore, it need not be addressed. Defendants' question presented focuses solely on the severity of the sanction imposed by the trial court—not the whether the default was entered in conformance with the court rule. "Independent issues not raised in the statement of questions presented are not properly presented for appellate review." *Bouverette v Westinghouse Electric Corp*, 245 Mich App 391, 404; 628 NW2d 86 (2001).

B.  LAW AND ANALYSIS

Defendants argue that the trial court abused its discretion when it did not consider, on the record, sanctions less drastic than striking pleadings, resulting in entry of a default judgment.  We disagree.

"A trial court's authority to enter a default or a default judgment against a party must fall within the parameters of the authority conferred under the court rules."  *Henry v Prusak*, 229 Mich App 162, 168; 582 NW2d 193 (1998).  The trial court's decision to grant plaintiffs' motion to strike pleadings, and its decision to grant default judgment, are well within the trial court's authority under our court rules.  "MCR 2.313(B)(2)(c) authorizes a trial court to enter an order dismissing a proceeding or rendering a judgment by default against a party who fails to obey an order to provide discovery."  *Thorne v Bell*, 206 Mich App 625, 632; 522 NW2d 711 (1994).  See also *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 77, 79; 618 NW2d 66 (2000) (concluding that a trial court may enter a default judgment against a defendant as a sanction for discovery abuses, such as failure to comply with discovery orders).  However, because a default judgment is a "drastic sanction," the trial court should evaluate other options before concluding it is warranted.  *Thorne* 206 Mich App at 633.  Where a "flagrant and wanton" refusal to comply with discovery orders is present, the trial court does not abuse its discretion when it enters default judgment.  *Id*.

Defendants argue that the trial court's order striking pleadings and entering default was improper because it was done without oral argument or hearings in front of the trial court.  Because a trial court "speaks through its written orders and judgments," this Court may look to the trial court's justification for granting default judgment in its written order.  *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009).  The trial court entered default judgment against defendants, explaining that defendants: (1) failed to timely produce documents; (2) failed to offer any dates for deposition before the discovery cutoff date; (3) failed to produce relevant written or electronic communications; (4) produced tardy and incomplete documents; and (5) willfully disobeyed the trial court's order to produce documents.

In support of their assertion that the trial court abused its discretion, defendants rely on *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995).  In that case, this Court emphasized a trial court's decision to dismiss should be carefully considered.  "Before imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper."  *Id*.  "The record should reflect that the trial court gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it."  *Duray Dev, LLC v Perrin*, 288 Mich App 143, 165; 792 NW2d 749 (2010) (quotation marks, citation, and alteration omitted).  Relevant factors can include, but are not limited to:

> (1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Vicencio*, 211 Mich App at 507.]

A trial court does not abuse its discretion by entering a default judgment if it finds the offending party's actions are willful. In *Thorne*, although this Court found that the plaintiffs violated the trial court's scheduling order by failing to file lists of witnesses and exhibits, we concluded that the "violation of the order did not justify the dismissal" of the plaintiffs' complaints. *Thorne*, 206 Mich App at 633. This Court noted "[t]he record [did] not disclose a history of recalcitrance or deliberate noncompliance with discovery orders, which typically precedes the imposition of such a harsh sanction." *Id*. at 633-634. Additionally, the defendant did not previously move to obtain an order to compel the plaintiffs to file witness and exhibit lists before the court entered the default judgment. *Id*. at 634.

Likewise, in *Vicencio*, where the plaintiff failed to appear at trial, this Court concluded the trial court abused its discretion when it did not "evaluate other available options on the record" before it dismissed the plaintiff's case. *Vicencio*, 211 Mich App at 503, 506-507. In evaluating the required factors, this Court reasoned it was unclear whether the plaintiff's absence was willful or accidental and that the plaintiff had no history of refusing to comply with previous orders. *Id*. at 507. Moreover, this Court noted the defendant was not "unduly prejudiced" by the plaintiff's absence. *Id*.

Unlike *Thorne* and *Vicencio*, in the instant case, the trial court found defendants willfully and repeatedly disobeyed the trial court's orders to produce documents—specifically, defendants violated the trial court's December 11, 2020 order to compel. Also contrary to *Thorne*, plaintiffs responded to defendants' failure to produce documents with a motion to compel. *Thorne*, 206 Mich App at 633-634. The trial court's order to compel gave defendants the opportunity to come into compliance with discovery obligations. Defendants failed to do so. In response to plaintiffs' motion to strike and enter a default, defendants essentially asserted the discovery materials sought by plaintiffs would be submitted at a later date—yet defendants continued to thwart attempts at discovery. Therefore, the trial court did not abuse its discretion when it found that defendants' dilatory actions, coupled with their bad faith responses to discovery requests, merited the entry of default.

Prejudice to plaintiffs is also a relevant consideration in the present case. In *Thorne*, this Court concluded that the moving party had not suffered substantial prejudice as a result of the plaintiffs' failure to file witness and exhibit lists. We reached that conclusion because plaintiffs had been deposed and had previously indicated names of potential trial witnesses, including summaries of their potential testimony, and potential trial exhibits. *Thorne*, 206 Mich App at 635. In the instant case, the record indicates that defendants failed to offer any dates for deposition before the discovery cutoff date. In its order, the trial court stated that it carefully considered the record, and concluded that defendants had willfully disobeyed its December 11, 2020 order and other discovery obligations, and, as a result, plaintiffs were prejudiced and no lesser sanction could suffice.

"[A]n abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006) (quotation marks and citation omitted). The abuse of discretion is more deferential than de novo review. When the trial court selects a principled outcome, the trial court does not abuse its discretion and this Court will defer to the trial court's judgment. *Id*. Considering the deference

afforded to the trial court, it did not abuse its discretion where it justified, on the record, its reasons for entering default judgment against defendants. *Id.*

Affirmed.

/s/ Michelle M. Rick
/s/ Colleen A. O'Brien
/s/ Sima G. Patel