*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NORMAN YATOOMA & ASSOCIATES, PC,

UNPUBLISHED
September 11, 2025
2:24 PM

Plaintiff-Appellant,

v

No. 371770
Oakland Circuit Court
LC No. 2023-201153-CK

GEORGE H. SHANLIKIAN, M.D., and
GENEMEDICS HEALTH INSTITUTE, PC,

Defendants-Appellees.

Before: LETICA, P.J., and RICK and BAZZI, JJ.

PER CURIAM.

In this change-of-venue action, plaintiff appeals as of right the trial court's order of dismissal, but plaintiff further challenges the court's order denying plaintiff's motion for relief from judgment. [1] We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On March 24, 2023, plaintiff filed a "verified account stated" complaint in the Washtenaw Circuit Court alleging breach of contract and seeking to recover approximately $85,017.72 in unpaid fees, inclusive of interest, for legal services allegedly provided to defendants, George H. Shanlikian, M.D., and GeneMedics Health Institute, PC ("GeneMedics"), between 2014 and 2016. On April 28, 2023, defendants moved to change venue to the Oakland Circuit Court contending that contrary to plaintiff's assertions, Dr. Shanlikian resided and operated out of Oakland County, which served as the location of his principal place of business, GeneMedics, and (2) "There is no valid factual reason why Plaintiff chose to file this action in Washtenaw County rather than Oakland County Circuit Court, where all the parties are located and conduct business." On June 15, 2023, the Washtenaw Circuit Court issued a stipulated order for change of venue stating, "Plaintiff having agreed that this action should have been filed in the Oakland County Circuit

---

[1] All references to "trial court" herein solely refer to the Oakland Circuit Court.

Court, . . . the above matter shall be transferred to the Oakland County Circuit Court pursuant to MCR 2.223."

On June 29, 2023, the Oakland County Clerk issued a notice regarding the transfer of venue providing, in pertinent part:

> No further action can be taken in this case until the filing fee has been paid within 28 days of the transferring order. Therefore, the filing fee of $150.00 must be paid to the Oakland County Clerk no later than 07/27/23 by the party identified in the transferring order. If the filing fee is not paid by this date the case will be dismissed, or transferred back to the transferring court.

On August 2, 2023, the Oakland County Clerk sent a letter to plaintiff's counsel providing, "Please be advised we have yet to receive the filing fees for this case. Pursuant to MCR 2.222(E)(l) as the filing fee was not paid within 28 days of receiving this file in our court, we will have to send back the case." On August 22, 2023, the trial court dismissed the underlying matter without prejudice under MCR 2.223 because of plaintiff's failure to pay the pertinent filing fee related to the transfer of venue.

On August 29, 2023, plaintiff moved for relief from judgment under MCR 2.612(C)(1)(a), asserting that its nonpayment of the filing fee was "the result of excusable neglect," and the dismissal of the case would result in a "substantial injustice." On May 13, 2024, defendants responded, "Plaintiff's untimeliness, carelessness and neglect have been at the forefront of this case since its inception and as far back as 2016. There are no extraordinary circumstances here warranting a finding of 'excusable' neglect to set aside this Court's August 22, [2023] dismissal."

Following a hearing on July 3, 2024, the trial court denied plaintiff's motion for relief from judgment, opining that MCR 2.223 plainly indicated the failure to timely pay the filing fee would result in the dismissal of a case, and because plaintiff's counsel received two notices regarding the absent filing fee, counsel's conduct could not be deemed excusable neglect. The court further questioned plaintiff's delay in seeking a hearing to resolve the motion. The trial court subsequently entered an order denying plaintiff's motion for relief from judgment. This appeal ensued.

## II. STANDARD OF REVIEW

"Trial courts possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). "We review for an abuse of discretion the trial court's decision to dismiss an action." *Gueye v State Farm Mut Auto Ins Co*, 343 Mich App 473, 487; 997 NW2d 307 (2022). "The trial court abuses its discretion when it chooses an outcome outside the range of principled outcomes." *Id*. "A trial court's dismissal of a case for failure to comply with the court's orders is also reviewed for an abuse of discretion." *Maldonado*, 476 Mich at 388.

A trial court's decision on a motion for relief from a judgment or order is reviewed for abuse of discretion. *Peterson v Auto Owners Ins Co*, 274 Mich App 407, 412; 733 NW2d 413 (2007). "The proper interpretation and application of a court rule is a question of law, which we review de novo." *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009). "Construction begins by considering the plain language of the statute or court rule in order to

ascertain its meaning. Generally, clear statutory language must be enforced as written." *Patel v Patel*, 324 Mich App 631, 63639-640; 922 NW2d 647 (2018) (citations omitted). "So, too, with court rules, 'unambiguous language is given its plain meaning and is enforced as written.' " *Id*. at 640 (citation omitted).

## III. ANALYSIS

Plaintiff argues that its failure to timely pay the change-of-venue filing fee was because of "excusable neglect" and, therefore, the order of dismissal should be set aside under MCR 2.612(C)(1)(a). We disagree.

MCR 2.223 articulates the process that trial courts must adhere to regarding a transfer of venue when "the venue of a civil action is improper." MCR 2.223(A). MCR 2.223(B)(1) provides, "The transferring court must enter all necessary orders pertaining to the certification and transfer of the action to the receiving court. The court must order the plaintiff to pay the applicable statutory filing fee directly to the receiving court, unless fees have been waived in accordance with MCR 2.002." If venue is changed pursuant to this court rule, "[t]he receiving court must temporarily suspend payment of the filing fee and open a case pending payment of the filing fee and costs as ordered by the transferring court." MCR 2.223(B)(3). Further, "[t]he receiving court must notify the plaintiff of the new case number in the receiving court, the amount due, and the due date." MCR 2.223(B)(3). "The plaintiff must pay to the receiving court within 28 days of the date of the transfer order the applicable filing fee, costs, and expenses as ordered by the transferring court or the receiving court will dismiss the action." MCR 2.223(C)(1).

In this case, the transfer order was issued on June 15, 2023, but because the notice regarding the change of venue was not entered until June 29, 2023, plaintiff was instructed to pay the pertinent filing fee by July 27, 2023.[2] MCR 2.223(B)(3). It is undisputed plaintiff neglected to do so, which resulted in dismissal of the underlying matter. Plaintiff, however, contends that its counsel misinterpreted the trial court's correspondence regarding payment of the filing fee, and counsel's conduct constituted "excusable neglect" as contemplated under MCR 2.612(C)(1)(a).

MCR 2.612(C)(1)(a) permits a court to set aside a final judgment, order, or proceeding on the grounds of "mistake, inadvertence, surprise, or excusable neglect." But "MCR 2.612(C)(1)(a) was not designed to relieve counsel of ill-advised or careless decisions." *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 393; 573 NW2d 336 (1997) (quotation marks and citation omitted). The stipulated order for change of venue, in addition to the notice regarding

---

[2] We note plaintiff contends that it did not receive the notice regarding transfer of venue on June 29, 2023, rather, plaintiff initially discovered the notice of transfer of venue document when it was attached to the August 2, 2023 letter. However, plaintiff neither argued during the lower court proceedings nor asserts on appeal that payment of the filing fee should have remained suspended per MCR 2.223(B)(3), such that the 28-day period for payment should have commenced on August 2, 2023, rendering dismissal on August 22, 2023, improper. Further, the address listed for plaintiff's counsel in the subject notice is consistent with the address listed in various lower court filings and in this Court.

transfer of venue and the Oakland County Clerk's letter, each informed plaintiff that the matter was proceeding in the Oakland Circuit Court and plaintiff's failure to timely pay the required filing fee would result in dismissal, consistent with plain language of MCR 2.223(C)(1). The neglect of plaintiff's counsel to understand the implications of these documents, and to ensure plaintiff's receipt of them, does not constitute excusable neglect; rather, counsel's conduct was imprudent, particularly given that the transfer of venue arose from an improper filing in the first instance and that the Michigan Court Rules expressly delineated the procedures governing a change of venue. See *Farm Bureau Mut Ins Co of Mich v Buckallew*, 471 Mich 940, 940 (2004)[3] (concluding the plaintiff was not entitled to relief under MCR 2.612(C)(1)(a) because the plaintiff "had access to all the necessary information, and its error is not excused by its own carelessness or lack of due diligence"); see also *Haberkorn v Chrysler Corp*, 210 Mich App 354, 382; 533 NW2d 373 (1995) (opining the misunderstanding of the plaintiff's counsel regarding the costs associated with the mediation sanctions did not establish excusable neglect because the error was in "assessing the consequences of [the plaintiffs'] choice").

Moreover, the trial court dismissed the action 54 days after the notice filing date, affording plaintiff additional time beyond the 28-day deadline under MCR 2.223 to cure its nonpayment of the filing fee. The failure of plaintiff's counsel to adhere to the Michigan Court Rules or to exercise due diligence did not appear to be an isolated incident in the lower court proceedings; counsel did not timely serve defendants with a copy of plaintiff's motion for relief from judgment and neglected to request a hearing on the motion until approximately seven months after its filing, which resulted in the hearing being held nearly a year after the motion was filed. However, plaintiff cannot cite to its counsel's error to demonstrate "excusable neglect" and obtain relief from the default judgment under MCR 2.612(C)(1)(a) because the general rule is that "an attorney's negligence is attributable to that attorney's client[.]" *Amco Builders & Developers*, *Inc v Team Ace Joint Venture*, 469 Mich 90, 96; 666 NW2d 623 (2003). Thus, because plaintiff failed to establish excusable neglect, the trial court did not abuse its discretion by denying plaintiff's motion for relief from judgment.

Plaintiff further argues that dismissal of the matter would result in "substantial injustice," because the pertinent statute of limitations bars refiling, and plaintiff's claims would be precluded from adjudication on the merits. MCR 2.612(C)(1)(f) authorizes a court to relieve a party from a final order for "any other reason justifying relief from operation of the judgement." As previously explained by this Court:

> Subrule (f) indisputably widens the potential avenues for granting relief from a judgment. But the competing concerns of finality and fairness counsel a cautious, balanced approach to subrule (f), lest the scale tip too far in either direction. Thus, while permitting relief under this subrule for "any other reason" justifying it, our courts have long required the presence of both extraordinary circumstances and a demonstration that setting aside the judgment will not detrimentally affect the

---

[3] "An order that is a final Supreme Court disposition of an application and that contains a concise statement of the applicable facts and reasons for the decision is binding precedent." *Steele v Winfield*, 343 Mich App 394, 400; 997 NW2d 341 (2022) (quotation marks and citation omitted).

substantial rights of the opposing party. [*Rose v Rose*, 289 Mich App 45, 58; 795 NW2d 611 (2010).]

While plaintiff is certainly prejudiced by dismissal, plaintiff has not presented any "extraordinary circumstances" mandating that the judgment be set aside. See *id*. at 62 (stating, "The caselaw construing MCR 2.612(C)(1)(f) contemplates that extraordinary circumstances warranting relief from a judgment generally arise when the judgment was obtained by the improper conduct of a party"); see also *Limbach*, 226 Mich App at 393-394 (concluding the plaintiff was not entitled to relief because "[w]hile her counsel's tactical error prejudiced her rights, such conduct does not warrant relief from the order"). The nonpayment of the filing fee resulted from an oversight by plaintiff's counsel, rather than "a circumstance so unexpected and unusual" that would warrant setting aside the order of dismissal. *Rose*, 289 Mich at 62. In the absence of any facts explaining or substantiating plaintiff's request for relief from judgment, we cannot find the trial court's decision unreasonable or unprincipled.

Affirmed.

/s/ Anica Letica
/s/ Michelle M. Rick
/s/ Mariam S. Bazzi